Tom WINCHELL, Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al., Defendants.

No. CV 86–192–BLG–JFB.

United States District Court, D. Montana, Billings Division.

Jan. 23, 1989.

Clifford Edwards, Edwards & Paoli, Billings, Mont., for plaintiff.

James Seykora, Elizabeth Strange, Torts Branch, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

BATTIN, Chief Judge.

The United States of America, acting through the United States Department of Agriculture, moves the Court for Summary Judgment, or in the alternative to dismiss the present action upon the ground that the plaintiff's Complaint fails to state a claim upon which relief can be granted under the Federal Tort Claims Act (FTCA). Upon careful consideration of the briefs submitted and the legal authority found therein, the Court is compelled to conclude that plaintiff's complaint fails to state a claim in tort cognizable under the Federal Tort Claims Act.

## FACTS

In 1980, plaintiff obtained a number of loans from the Farmers Home Administration (FmHA) in order to finance his part-time farming operation. Between June 1980 and January 1981, plaintiff borrowed approximately $560,000 from the FmHA.

In October 1980, plaintiff applied to participate in the Soil Conservation Service (SCS) Great Plains Conservation Program which subsidizes conservation practices engaged in by farmers. On July 1, 1981, plaintiff entered into a contract with SCS in which he agreed to undertake a large water spreading project in return for a cost share.

Approximately two years later, plaintiff petitioned for bankruptcy under Chapter 11 on March 18, 1983. One week later, plaintiff entered into a contract with the Agricultural Stabilization Conservation Service (ASCS) to participate in the Payment In Kind (PIK) program. Under such program, plaintiff would receive a predetermined amount of money for leaving certain fields fallow and complying with other conditions. One of these conditions was to control weeds on the fallow land.

On July 15, 1983, Steve Deckert, ASCS County Executive Director, informed plaintiff that he would become ineligible for PIK payments if he did not control the weeds on his farm. On July 30, 1983, ASCS informed plaintiff that he had lost his PIK benefits because of his failure to control weeds.

Meanwhile, on November 23, 1983, the SCS made final payment to the plaintiff for his water spreading project.

Plaintiff contends that the defendants negligently failed to pay him his SCS funds which would have financed his weed control in accordance with the PIK program. Plaintiff argues that defendants committed the tort of bad faith in that they breached their duty to deal with the plaintiff in good faith and therefore the defendants are liable under the FTCA.

## DISCUSSION

The resolution of this case is aided by the recent decision of The Honorable Judge Hatfield in *Darko v. United States*, 646 F.Supp. 223 (D.Mont.1986). In *Darko*, plaintiffs had become indebted to the FmHA in the amount of approximately $250,000. In an effort to reduce their obligation, plaintiffs attempted to negotiate a lease of their ranch property to a third party. Pursuant to the terms of their mortgage agreement with the FmHA, the Darkos needed the approval of the Farmers Home before they could lease the ranch property. FmHA ultimately declined the approval of the lease and the plaintiffs filed an action seeking to recover $600,000 in damages under the FTCA. The thrust of the Darkos claim was that the FmHA had an implied obligation to deal with them in good faith.

In *Darko*, Judge Hatfield concluded that the plaintiffs' complaint failed to state a claim in tort cognizable under the FTCA. The Court went on to find that the claim was "contractual" in nature, and jurisdiction was vested exclusively in the United States Court of Claims pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a), 1491.

█ In the present case, plaintiff has alleged three specific occurrences in which the FmHA committed the tort of bad faith. These specific actions are (1) the FmHA's refusal to continue lending to him, (2) the SCS delays in effecting payment to him and (3) the termination his participation in the PIK program for failure to control weeds.

In each of these situations, the claim alleged arises out of a contract between the plaintiff and the defendants. In the first instance, plaintiff initiated the lending relationship when he agreed to borrow money under a promissory note and loan agreement with the FmHA. The two other basis for bad faith emanates from the agreements entered into by the plaintiff with the SCS and the ASCS. Because the actions of each of the parties flow directly from these agreements, the Court finds that the contracts between the parties are an essential element in plaintiff's claim for bad faith. See *Darko*, at 228.

The alleged liability of the United States depends upon the justifiable expectations of the parties under the contract. *Dunfee v. Baskin-Robbins, Inc.*, 221 Mont. 447, 720 P.2d 1148, 1153 (1986). In order for plaintiffs to prevail in this matter, they must show an expressed or implied promise by the government through the United States Department of Agriculture and a breach of that promise. *Woodbury v. United States*, 313 F.2d 291, 296 (9th Cir. 1963). Whether any promises were made or any impermissible activity was conducted by the United States would depend upon the terms and conditions of the written agreements.

█ The Court concludes that the claim advanced by the plaintiff arises out of the contractual relationship of the parties. Because the claim is for an amount in excess of $10,000, the Court concludes that juris-diction over this controversy is vested exclusively in the United States Claims Court, 28 U.S.C. § 1346(a). Therefore,

IT IS ORDERED that defendants' Motion to Dismiss this action for want of subject matter jurisdiction is hereby granted.

The Clerk is directed forthwith to notify counsel for the respective parties of the making of this order.